Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 CR 50001 - 4 | **DATE** | 11/12/2002 |
| **CASE TITLE** | United States vs. Frykholm | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Third-party petitioner Commercial Mortgage & Finance Co.'s motion for summary judgment; United States' motions to strike or, alternatively, to dismiss the amended petition of CM&F.

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, third-party petitioner Commercial Mortgage & Finance Co.'s motion for summary judgment is denied and the United States' motions to strike or, alternatively, to dismiss the amended petition of CM&F is granted. CM&F's amended petition is hereby dismissed.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | NOV 1 3 2002 date docketed | |
| | Notified counsel by telephone. | | | 234 |
| | Docketing to mail notices. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Mail AO 450 form. | 2002 NOV 12 PM 4: 37 | | |
| | Copy to judge/magistrate judge. | | 11-12-02 date mailed notice | |
| /LC | courtroom deputy's initials | FILED-WD Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

On August 31, 2000, Linda Frykholm pleaded guilty in this court to wire fraud and money laundering. After Frykholm's sentencing, the court entered an amended judgment on January 24, 2001, which, among other things, forfeited Frykholm's interests in certain properties, including 1982 North Lake Shore Drive in Delevan, Walworth County, Wisconsin ("1982 Walworth Property"), to the United States. On March 4, 2002, third-party petitioner, Commercial Morgtage & Finance Co. ("CM&F"), filed an amended petition under 21 U.S.C. § 853(n) claiming a first and prior interest over the government in the 1982 Walworth Property. Before the court are the government's motion to strike CM&F's amended petition or, in the alternative, to dismiss the amended petition for lack of standing and failure to state a claim, filed pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(A), and CM&F's motion for summary judgment filed pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(B) and Federal Rule of Civil Procedure 56.

CM&F stakes its claim on a deficiency judgment entered in its favor against Frykholm in 1994 in a Walworth County, Wisconsin court. As it turns out, the question of whether CM&F had a "legal right, title, or interest in the" 1982 Walworth Property that either was vested in it rather than Frykholm or was superior to her interest, see 21 U.S.C. § 853(n)(6)(A), depends entirely on whether, under Wisconsin law, see United States v. Lee, 232 F.3d 556, 560 (7th Cir. 2000) (claimant's interest in forfeited property determined in reference to the law of the state in which the property is located), cert. denied, 122 S. Ct. 315 (2001), CM&F's deficiency judgment ever became a valid lien against Frykholm. And this, in turn, depends on the technicalities of Wisconsin civil procedure.

At the time CM&F obtained its deficiency judgment, Wis. Stat. § 806.10 required the clerk of the court to enter any money judgment into a judgment docket containing, *inter alia*, "[t]he full name and *place of residence* of each judgment debtor . . . . If the judgment or judgment docket fails to give the place of residence of the judgment debtor . . ., the validity of the judgment is not affected thereby, but the judgment creditor may at any time file with the clerk an affidavit stating, on knowledge or information and belief, the information." Id. § 806.10(1)(a) (emphasis added). Then there is Wis. Stat. § 806.15, which read in part: "Every judgment properly docketed *showing the judgment debtor's place of residence* shall, for 10 years from the date of entry, be a lien on the real property . . . of every person against whom it is rendered and docketed . . . ." Id. § 806.15(1) (emphasis added).

When CM&F's deficiency judgment was docketed, it did not include Frykholm's place of residence. Thus, the government argues, although this omission did not affect the validity of CM&F's judgment, as the very terms of § 806.10(1)(a) make clear, it does mean that the judgment never became a valid lien against the 1982 Walworth Property because § 806.15(1) requires the judgment to show the debtor's place of residence. The Wisconsin Supreme Court has read these two sections in just this manner. In Builder's Lumber Co. v. Stuart, 94 N.W. 2d 630 (Wis. 1959), the court confronted an almost identical situation. At the time, sections 806.10 and 806.15 required the judgment docket entry to include the debtor's occupation in addition to the place of residence. A creditor in Builder's Lumber obtained a judgment against the defendant in January 1954 but the judgment was docketed without the defendant's address or occupation. In these circumstances, the court interpreted the two statutes to mean the judgment creditor "had a valid judgment but that judgment did not become a lien prior to October 28, 1955 [when the debtor's address and occupation were added to the docket], because the clerk had not properly docketed the same [i.e., the debtor's address and occupation]." Id. at 634. The holding in Builder's Lumber dictates the same result in this case: although CM&F had a valid judgment in 1994, that judgment did not become a lien until February 2002, when it supplied the clerk of the court with Frykholm's address. And this of course was too late because Frykholm's assets had long been forfeited by that point.

CM&F tries to argue its way around Builder's Lumber but the court finds its attempts unconvincing. First it claims that the Wisconsin legislature "specifically corrected" Builder's Lumber by amending § 806.10 in 1984. Besides taking out the requirement that the debtor's vocation be listed, the 1984 amendment also added the "the validity of the judgment is not affected thereby" language to § 806.10(1)(a). But the court does not at all see how the latter amendment is a reaction against Builder's Lumber. If anything, this amendment seems to have directly incorporated the holding of Builder's Lumber, as the court in that case held the judgment creditor had a valid judgment despite the absence of the address and occupation information from the docket — even though § 806.10 at the time did not specifically say that.

CM&F also seems to think a case from the Wisconsin Court of Appeals, Nattrass v. Wies, 437 N.W. 2d 221 (Wis. App. Ct. 1989), controls this case instead of Builder's Lumber. In the court's opinion, Nattrass is inapposite because, although it too depended on interpreting sections 806.10 and 806.15 in tandem, it dealt with a rather unusual scenario involving a judgment creditor who was caught in between legislative amendments. More importantly, unlike the language concerning the debtor's occupation at issue in Nattrass, the language of both § 806.10 and § 806.15 concerning the debtor's place of residence has remain largely unchanged since Builder's Lumber. In any event, there can be no argument that Nattrass, a case from the Wisconsin Court of Appeals, somehow overruled Builder's Lumber, a case from the Wisconsin Supreme Court. Builder's Lumber is still good law and is exactly on point. Although that case seems to rely on a hypertechnical interpretation of the two statutes and leads to a somewhat harsh result, this court is bound to follow it. Because Frykholm's address was not included in the docket at the time CM&F's judgment was entered, CM&F did not have a valid lien against Frykholm and, therefore, did not have a superior legal interest to the 1982 Walworth Property when it was forfeited.

For the reasons stated above, the United States' motion to strike or, in the alternative, to dismiss is granted, and CM&F's motion for summary judgment is denied. CM&F's amended petition is hereby dismissed.